# BOGIA *vs.* DARDEN.

[APPEAL FROM DECREE OF PROBATE COURT ON FINAL SETTLEMENT OF GUARDIAN.]

1. *Guardian ; when competent as witness in his own behalf.*—Section 2704 of the Revised Code renders a guardian a competent witness in his own behalf, on the final settlement of his accounts.
2. *Quere.*—Whether, under section 2717 of the Revised Code, it is an indispensable requirement that the affidavit necessary to obtain the deposition of an absent witness, should state that the witness is material.

APPEAL from Probate Court of Macon.
Tried before Hon. JOHN J. MARTIN.

THE appellant was guardian of Ella Darden, and at her instance was cited to make a final settlement of his accounts. Being a non-resident, he was examined by inter-

rogatories as a witness in his own behalf. On the trial of the cause, the appellee moved to suppress the testimony of Bogia, " 1st, Because the affidavit required to procure his testimony by deposition did not state that the witness was material, [this affidavit does not appear in the record] ; 2d, Because he was a party to the suit." Bogia then proved that Darden's attorney endorsed on the back of said interrogatories, on the day they were filed : " I accept service, and consent that commission issue *instanter*," and (subject to an objection to the competency of Bogia, on the ground that he could not be a witness in his own behalf,) objected to some of the interrogatories, and filed cross interrogatories. The court sustained the motion and suppressed the deposition, and Bogia excepted, and now appeals.

The suppression of the deposition is here assigned as error.

G. D. & G. W. HOOPER, for appellant.—The case of *Aicardi v. Strange*, 38 Ala. 326, settles the question as to the sufficiency of the affidavit filed. The objection to want of proper affidavit should have been made before crossing of the interrogatories. Crossing interrogatories and consenting to the issuance of commission to take deposition, was a waiver. —12 Ala. 466 ; 38 Ala. 39 ; 20 Ala. 650 ; 26 Ala 515.

W. C. McIVER, and CHILTON & THORINGTON, *contra*.—The consent to issuance of commission was not a waiver of affidavit. The case of *Worsham v. Goar*, 4 Porter, settles this objection.

The case of *Aicardi v. Strange et al.*, 38 Ala. 326, has no application whatever to this case. In that, the court decides that crossing interrogatories is an implied waiver of notice of their being filed. This must be so. He had notice, or he could not have crossed. But in this case, the law requires an affidavit to be made and filed ; no notice of this is required to be given, and neither legal notice of the filing of the interrogatories, nor a waiver of such notice and consent that commission may issue, can be construed into a waiver of this. The party seeking to take the proof

Bogia v. Darden.

sues out his commission at his peril; he is required to lay the proper predicate. The *most* that can be assumed as the effect of the written waiver in this case, is, *notice and time ;* notice of interrogatories, and *time* when commission may issue—that is, *instanter.*

The other cases cited prove nothing at all adverse to our proposition above taken.

B. F. SAFFOLD, J.—Section 2717 of the Revised Code, prescribing the steps to be taken before the issuance of the commission, says the affidavit must state that the witness is material. Whether this is an indispensable requisition or not, which we doubt, the affidavit is not found in the transcript, and therefore we cannot determine the question.

Section 2704 of the Revised Code removes the incompetency of a witness in civil causes because he is a party, or interested in the issue tried, except that in suits or proceedings by or against executors or administrators, neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party. In this case the guardian was a competent witness for himself.

As the deposition of the defendant was evidently suppressed on account of his supposed incompetency as a witness, it is unnecessary to consider the objections made by the plaintiff to particular interrogatories. We will say, however, that unless the judgment should appear to have been rendered on irrelevant testimony we would not require the same particularity of examination respecting leading and irrelevant questions, when the case is heard before the judge alone, as in the case of jury trials.

The decree is reversed, and the cause remanded.